In the Matter of the Petition of JAMES BLEWITT, Appellant, That He be Adjudged Sane.  JULIA BLEWITT, Respondent.

*Lunacy — application for a supersedeas and the discharge of a committee, on the ground of recovery of sanity.*

On the application by an adjudged lunatic, alleging that he had recovered his sanity and praying for a *supersedeas* and for the determination of the question of his sanity at Circuit, it appeared that since the petitioner was adjudged insane, he had been given two opportunities to have the question of his sanity again passed upon by a sheriff's jury, but had willfully neglected to avail himself thereof, and that he had escaped from the custody of his committee, and had left the State of New York, and refused to disclose his whereabouts, so that it was impossible to procure an examination, by a disinterested physician, as to his present mental condition.

*Held*, that the application was properly denied.

APPEAL by the petitioner, James Blewitt, from an order of the Supreme Court, made at the New York Special Term at Chambers, and entered in the office of the clerk of the city and county of New York on the 24th day of February, 1893, denying the petition and remanding the petitioner to the custody of his committee.

The petitioner, James Blewitt, was adjudged insane, under a commission issued from the Supreme Court in June, 1890, on the application of Julia Blewitt, the present respondent, who was appointed and still is his committee.  In the present petition the petitioner alleges that he has recovered his sanity, and prays for a *supersedeas* of the commission, and that the question of his sanity be determined by the court and jury at a Circuit of the Supreme Court.  The petition was accompanied by the affidavit of the petitioner's attorney, stating that he had had many conversations with the petitioner, and was satisfied that he was sane; and by the affidavits of two physi-

cians, to the effect that they had examined the petitioner, and that in their opinion he was sane and capable of managing his estate; also, the affidavits of two laymen, stating that they had had business conversations with the petitioner, and that it was manifest therefrom that he was sane and capable of taking care of his property.

The petition was opposed by an affidavit of Julia Blewitt, the committee, which disclosed the facts stated in the opinions herein, and that at various times since the adjudication in lunacy, the petitioner had been examined by physicians, experts on mental diseases, including four physicians, whose affidavits were a part of the records in this matter, declaring it to be their opinion, from careful personal examination, that the petitioner was permanently insane, with lucid intervals, and that he ·was not capable of caring for his person and managing his property.

In denying the petition Mr. Justice ANDREWS delivered the following opinion at Special Term :

"Since the petitioner was adjudged insane, he has been given two opportunities to have the question of his sanity again passed upon by a sheriff's jury, but has willfully refused or neglected to avail himself of such opportunities.   In view of that fact, of all the proceedings heretofore had, of the evidence submitted to the court in those proceedings and in this, I do not believe that the petitioner has become competent to manage himself or his affairs, and I do not think his estate should be burdened with the expense of another proceeding, which, in my opinion, will be of no benefit to him. The application will be denied, without costs, and the stay of proceedings on the part of the committee, which was inadvertently granted by me, will be vacated."

*Abram King*, for the appellant.

*Lorenzo Semple*, for the respondent.

PER CURIAM :

Nothing needs to be added to the opinion of the Special Term, upon which the order may well be affirmed, except that it appears from the record that the alleged lunatic has escaped from the custody of the committee, and has left the State of New York, and refuses to disclose his whereabouts, so that it is impossible to procure

an examination, to be made by a disinterested physician as to his present mental condition.

We think the order should be affirmed, with costs.

Present —VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order affirmed, with costs.